IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES CHIARELLO,<br>Plaintiff,<br><br>v.<br><br>TRANS UNION, LLC, ET AL.,<br>Defendants. | CIVIL ACTION<br>No. 2:17-cv-00513-AB |

October 1, 2018                                                                                   Anita B. Brody, J.

MEMORANDUM

Plaintiff James Chiarello ("Chiarello") brings suit against Defendants Trans Union, LLC ("Trans Union"), Equifax Information Services, Inc. ("Equifax"), and Experian Information Solutions, Inc. ("Experian"). Chiarello alleges that each Defendant violated the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. I exercise jurisdiction over Chiarello's claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p. Defendants move for summary judgment. For the reasons set forth below, I will grant Defendants' motion in part and deny it in part.

I. BACKGROUND[1]

Chiarello is a "consumer" as defined by the FCRA. *See* 15 U.S.C. § 1681a(c). Each defendant is a "consumer reporting agency" ("CRA"). *See* 15 U.S.C. § 1681a(f). Defendants collect information about consumers' borrowing and debt-payment histories from banks, credit unions, and other entities. *Id.* As part of this process, CRAs are required to collect and report

---
[1] For purposes of summary judgment, "the nonmoving party's evidence 'is to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

information about each consumer's compliance with his or her child support obligations. *See* 15 U.S.C. § 1681s-1. Defendants then compile this information into "consumer reports" about individual consumers. *See* 15 U.S.C. §1681a(d). Defendants make these consumer reports available for purchase to third parties, who use each consumer report to evaluate the consumer's creditworthiness or prospective employability, among other things. 15 U.S.C. § 1681b(a).

Chiarello was obligated to make child support payments to his ex-wife from 1997 until 2016. *See* Deposition of James Chiarello ("Chiarello Dep.") at 53:13-22. The State of New York processed Chiarello's child support obligations and payments. *See* Chiarello Dep. at 53:5-6. As required by FCRA, Defendants collected information from the State of New York about Chiarello's child support obligations and his compliance with those obligations. *See* Second Declaration of Mary Kapetanakis ¶ 2; Declaration of Pamela Smith ("Smith Decl.") ¶ 16; Deposition of Douglas Hollon ("Hollon Dep.") at 174:18-24. In Summer 2014, Defendants reported that Mr. Chiarello was delinquent in his child support payments, which Mr. Chiarello disputed. *See* Affidavit of James Chiarello ("Chiarello Aff.") ¶ 13.

On August 28, 2014, Chiarello filed a related dispute with Trans Union. *See* Chiarello Dep. at 50:21-54:15. Trans Union reinvestigated the information at issue in Chiarello's dispute, determined that Chiarello's dispute was valid, amended his report, and sent him a written notification of the results of the reinvestigation in September 2014. *See* Defs.' Mem. in Supp. of Mot. for Summ. J at 2-3. Chiarello never received Trans Union's written notification. *See* Chiarello Aff. ¶ 14.

On August 21, 2014, Chiarello filed a related online dispute with Experian about Chiarello's child support payments. *See* Hollon Dep. at 124:12-127:3. Experian did not follow

up on this August 21, 2014 online dispute, which was processed as a request to add a comment to Chiarello's report. *See id.* In early September 2014, Chiarello filed a separate dispute or disputes with Experian about the same information. *See* Chiarello Dep. at 206:4-7. In response, Experian reinvestigated the information and amended information in Chiarello's report thereafter. *See* Defs.' Mem. in Supp. of Mot. for Summ. J. at 4.

Chiarello vaguely recollects contacting Equifax as to a similar inaccuracy in September 2014. *See* Chiarello Dep. at 158:8-163:19. Equifax did not receive notice of Chiarello's 2014 dispute and therefore did not conduct a responsive reinvestigation. *See* Smith Decl. ¶ 22.

On October 6, 2016, pursuant to a request from Chiarello, Experian prepared what the parties refer to as the "October 2016 Tri-Merged Report." *See* Pl.'s Surreply in Opp., Ex. 1. The October 2016 Tri-Merged Report included information from Experian as well as Experian's transcription of relevant information from Trans Union and Equifax. *See id.* The October 2016 Tri-Merged Report contained information about Chiarello's child support obligations and his compliance with his obligations. *See id.* Experian's entry in the report describes the account as "CHILD SUPPORT ENFORCEM" [*sic*], indicates that Chiarello's payment history was "Negative" in July 2016, that the account was opened on November 1, 2007, and notes that his ongoing monthly payments were $355.00. *See id.* at 13. Trans Union's entry indicates that Chiarello was $2,560.00 past due in child support payments, describes the account as a "collection account," indicates that the account was opened on November 26, 2007, and describes the account's processor as "NYS OTDA," an acronym for the New York State Office of Temporary and Disability Assistance. *See id.* at 26. Equifax's entry indicates that Chiarello's

account status was "Collection" in July 2016, that his ongoing monthly payments were $509.00, that the current payment status is "Pays account as agreed," and describes the account processor as "NYS DEPT.OF SOC.SVC." *See id.* at 24.

Chiarello has been denied numerous extensions of credit. *See* Pl.'s Resp. in Opp. at 9. For instance, in February 2017, Chiarello's application for an extension of credit from PNC Bank was denied. *See id.*, Ex. L. Chiarello also argues that he has suffered "credit defamation and embarrassment whenever his credit reports were reviewed . . . , emotional harm, distress, embarrassment and anxiety related to constant disputes and inaccurate reporting . . . ." *Id.* at 9.

## II. LEGAL STANDARD

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law . . . ." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Id.* In ruling on a motion for summary judgment, the court must draw all inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). After the moving party has met its initial burden, the nonmoving party must then "make a showing sufficient to establish the existence of [every] element essential to that party's case, and on which

that party will bear the burden of proof at trial." *Id.* at 322. Both parties must support their factual positions by: "(A) citing to particular parts of materials in the record . . . ; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). The materials in the record that parties may rely on include "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Fed. R. Civ. P. 56(c)(1)(A). In opposing a motion for summary judgment, the nonmoving party may not "rely merely upon bare assertions, conclusory allegations or suspicions." *Fireman's Ins. Co. of Newark, N.J. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982).

In essence, the inquiry at summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

## III. DISCUSSION

Defendants move for summary judgment on Chiarello's claims alleging violations of FCRA. Chiarello first argues that Defendants violated FCRA by failing to investigate his assertions that his consumer report contained inaccurate child support information in Summer 2014. Defendants argue that this claim is barred by the statute of limitations. Chiarello also contends that Defendants negligently and willfully violated FCRA by failing to follow reasonable procedures to ensure the maximum accuracy of information in his October 2016 Tri-

Merged Report. Defendants argue that this claim fails because Chiarello has not demonstrated genuine issues of material fact and Defendants are entitled to judgment as a matter of law.

I will grant Defendants' motion in part and deny it in part.

### A. 15 U.S.C. § 1681i "Reasonable Reinvestigation" Claim

Chiarello argues that Defendants violated 15 U.S.C. § 1681i by failing to properly reinvestigate Chiarello's August and September 2014 complaints about inaccuracies in his consumer reports. Defendants move for summary judgment, arguing, among other things, that FCRA's two-year statute of limitations bars Chiarello's claims for violations of § 1681i.

The FCRA requires CRAs to "reinvestigate" the information in a consumer's file when the consumer files a dispute:

> if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

15 U.S.C. § 1681i(a)(1)(A). The CRA must notify the consumer within five business days of completing its reinvestigation. *See* 15 U.S.C. § 1681i(a)(6)(A) ("A consumer reporting agency shall provide written notice to a consumer of the results of a reinvestigation . . . not later than 5 business days after the completion of the reinvestigation."). The FCRA requires that this written notice include, "if requested by the consumer, a description of the procedure used to determine the accuracy and completeness of the information" at issue in the dispute. 15 U.S.C. § 1681i(a)(6)(B)(iii).

The FCRA limits actions, including actions alleging a violation of § 1681i, as follows:

> [a]n action to enforce any liability created under [FCRA] may be brought . . . not later than the earlier of — (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs.

15 U.S.C. § 1681p.

FCRA's two-year statute of limitations bars Chiarello's § 1681i claims. Chiarello admits that he did not file any relevant disputes with Defendants after September 2014.[2] Defendants were required to complete their responsive reinvestigations within thirty days, *see* 15 U.S.C. § 1681i(a)(1)(A), and to provide Chiarello with written notice of the results within five business days thereafter, *see* 15 U.S.C. § 1681i(a)(6)(A). At the latest, Chiarello filed disputes with Defendants on September 30, 2014.[3] Chiarello never received written notification of the reinvestigation results. Therefore, he should have discovered Defendants' violations of § 1681i, if any, by Thursday, November 6, 2014, five business days after the thirty-day statutory reinvestigation period had elapsed. At the latest, the two-year statute of limitations began to run on November 6, 2014 and elapsed November 6, 2016, three months before Chiarello filed this lawsuit on February 3, 2017.

Even taking Chiarello's nebulous factual allegations in the light most favorable to him, Chiarello's claims alleging § 1681i violations are untimely. I will grant Defendants' motion for summary judgment on Chiarello's claims alleging violations of § 1681i.

---

[2] Chiarello concedes that his Complaint alleges "a violation of [§] 1681i(a) for Defendants failing to engage in a reasonable investigation relating to Mr. Chiarello's August and September 2014 disputes." *See* Pl.'s Resp. in Opp. at 3; *see also* Pl.'s Surreply in Opp. at 13 ("Plaintiff's [§] 1681i(a) claim is based on Plaintiff's disputes in August and September 2014.").

[3] Because Chiarello is unable to identify the exact dates of his disputes with Experian and Equifax but admits that he did not make any disputes after September 2014, I will take the facts in the light most favorable to him and assume, for purposes of this analysis, that he filed his last dispute at issue in this lawsuit on the last day of September 2014.

**B.  15 U.S.C. § 1681e(b) "Reasonable Procedures" Claim**

Chiarello contends that Defendants violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information "in the October 2016 Tri-Merged report."  *See* Pl.'s Surreply in Opp. at 12.  Defendants maintain that this claim fails because: (1) Chiarello failed to put forward a consumer report that is subject to FCRA's reasonable procedures requirement; (2) Chiarello failed to demonstrate that any information in the October 2016 Tri-Merged Report was inaccurate; (3) Defendants' procedures were reasonable as a matter of law because 15 U.S.C. § 1681s-1 requires Defendants to report child support information; (4) Chiarello failed to present evidence that he suffered actual damages as a result of the inaccurate reporting he alleges; and (5) Chiarello failed to present any evidence that Defendants' violations, if any, were willful.

Title 15 U.S.C. § 1681e(b) provides: "Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  The FCRA provides "private rights of action for willful and negligent noncompliance with any duty imposed by the FCRA and allow[s] recovery for actual damages and attorneys' fees and costs, as well as punitive damages in the case of willful noncompliance." *Philbin v. Trans Union Corp.*, 101 F.3d 957, 962 (3d Cir. 1996) (citing 15 U.S.C. §§ 1681n, 1681o).  Negligent noncompliance with § 1681e(b) consists of the following four elements: "(1) inaccurate information was included in a consumer's credit report; (2) the inaccuracy was due to defendant's failure to follow reasonable procedures to assure maximum possible accuracy; (3) the consumer suffered injury; and (4) the consumer's injury was caused by the inclusion of the inaccurate entry." *Cortez v. Trans Union,*

*LLC*, 617 F.3d 688, 708 (3d Cir. 2010) (citing *Philbin*, 101 F.3d at 963). To show willful noncompliance with FCRA, a plaintiff must prove that the defendants acted recklessly in disregarding the FCRA. *See Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 56-60 (2007); *Cortez*, 617 F.3d at 721 & n. 39.

I will deny Defendants' motion for summary judgment on Chiarello's claims for negligent and willful violations of § 1681e(b). First, Chiarello satisfied his burden to demonstrate that Defendants included inaccurate information in his credit report by presenting the October 2016 Tri-Merged Report. The October 2016 Tri-Merged Report—which was prepared by Experian with cooperation from Trans Union and Equifax with the expectation that it could be used as a factor in establishing Chiarello's creditworthiness—contains inconsistent and irreconcilable information about his child support payments, at least some of which must be inaccurate. Second, the inconsistencies in the October 2016 Tri-Merged Report create a question for trial as to whether Defendants' procedures were reasonable. Inconsistent information in a consumer report is "sufficient to allow a jury to infer" Defendants' failure to follow reasonable procedures. *See Philbin*, 101 F.3d at 966. Third, Chiarello has presented testimonial and documentary evidence sufficient to reach a jury on the question of whether he suffered an injury as the result of the information in the October 2016 Tri-Merged Report. *See Cortez*, 617 F.3d at 720 (testimonial evidence of emotional injury suffices to demonstrate injury under FCRA); *Philbin*, 101 F.3d at 969 (jury "could reasonably infer that the inaccurate adverse information included on the inaccurate credit report" caused the consumer's injury even where credit denial notification does not mention the inaccurate information).

## IV.  CONCLUSION

For the reasons set forth above, I will grant in part and deny in part Defendants' motion for summary judgment on Chiarello's FCRA claims.

**s/Anita B. Brody**

_____
ANITA B. BRODY, J.

Copies **VIA ECF** on _____     Copies **MAILED** on _____